## Webber v. Cochrane.

Judgment affirmed.

### WEBBER V. COCHRANE.

The twelfth section of the act of limitations of February 5, 1841, does not make any alteration in the legal construction to be put upon an acknowledgment, but merely requires a different mode of proof.

The phrase "acknowledgment of the justice of the claim," as used in the statute, imports an admission at the time that the claim is a subsisting debt, nothing more. If such admission be unaccompanied by any circumstances repelling the presumption of a willingness or intention to pay, the liability and consequent promise are necessary legal inferences. (Note 7.)

The following acknowledgment was held to be sufficient under the twelfth section of the act of limitations: "The within obligation and interest is just, due, and unpaid, after deduct-"ing the above credits of $203.12½. Dec. 21st, 1844.

(Signed)　　　JOHN. F. WEBBER."

Error from Travis. The only question in the case was whether the following acknowledgment of the justice of a claim took it out of the operation of the statute of limitations :

"The within obligation and interest is just, due, and unpaid, after deducting "the above credits of $203.12½. Dec. 21st, 1844.

JOHN F. WEBBER."

There was a general denial of indebtedness by Webber, but the benefit of the statute of limitations was not claimed by the pleadings, neither by plea nor by exception. It was, however, assigned for error.

[32] *Oldham & Sneed*, for plaintiff in error. The plaintiff in error relies upon the opinion of the majority of the court in Coles *v.* Kelsey, (2 Tex. R., 541,) as governing the question presented in this case. It is there held that, in order to revive a cause of action barred by a statute of limitations, "there must be an "acknowledgment of the debt existing, and an expression of a willingness to "pay it; both must concur; *an acknowledgment of the debt is not sufficient; "but there must be an expression of a willingness to pay.*"

The question may be put in this case which is asked by the court in that : "Do these two ingredients, necessary to make an acknowledgment within the "statute, concur" in the acknowledgment disclosed by the petition of the plaintiff below? There is an acknowledgment that the debt is due and unpaid, but *this*, this court has said, *is not sufficient*. The second ingredient, an expression of a willingness to pay it, is wanting.

*Hamilton & Green*, for appellee. In the Coles and Kelsey case there are some *rules* laid down as to what will be a sufficient subsequent promise to take the case out of the bar of the statute that will no doubt be invoked by the plaintiff in error The *rules* so laid down, however, are not, we suppose, to be understood as anything more than the expression of an opinion upon a question not involved in the case. It would, therefore, not be thought improper, if the case required it, to question the correctness of those rules. Whatever may be said of the decisions of the courts of the States of the Union and of England in construing *slight* admissions into promises, and however far these decisions may have departed from the true intent and meaning of the several statutes under which they were had, they furnish no reason why our courts should re-

## Webber v. Cochrane.

quire a party, under our statute, to do *more than the statute itself* requires in order to bind himself.

The statute is in the following language : "That when an action may appear "to be barred by a law of limitations, no acknowledgment of *the justice of the* "*claim* made subsequent to the time it became due shall be admitted in evi- "dence to [☐☐] take the case out of the operation of the law, unless such "acknowledgment be in writing and signed by the party to be charged "thereby."

If the language of the statute had been different, and had required a *promise to pay* instead of an "acknowledgment of the justice of the claim," it might, it seems to us, be contended, in strictness of law, that an *acknowledgment* of the *justice of the claim* would have been sufficient, the law implying the "prom- "ise." (Pothier on Obligations, 2d vol., 31; 11 Ala. R., 353; 3 Harring. R., 558; 5 Miss. R., 208; 2 Brev. R., 31; 5 S. & M., 564.)

If the construction given by a long and uninterrupted train of adjudications upon the effect of such admissions under similar statutes be not sufficient to settle what constitutes the act required of a party in order to charge him, still it is most respectfully contended that the *law-making power* has a right to de- termine what *that act shall be*. An acknowledgment *of the justice* of the claim, in writing and signed by the party, is what our statute requires, and nothing more. So far as we are acquainted with the rules of construction applied to similar statutes, they have been strict only as against the party claiming their benefit. The rule is reversed, however, when more is required than the law itself imparts.

There cannot be said to exist any necessity for *extreme* decisions by this court for the protection of the rights intended by the statute to be secured to parties who claim its protection, or to correct the tendency of former adjudications cal- culated to impair its beneficial provisions; for our courts have not yet become obnoxious to the charge of frittering away by construction any of the benefits intended by the act *for those who invoke its aid*.

The "acknowledgment of the justice of the claim" required by the statute is not only full and complete in the subsequent undertaking of the plaintiff in error, but he admits that the debt is "due and unpaid." This is a *promise to pay* in contemplation of the statute. It is dated and signed by him, and, [34] in connection with the original obligation, taken either as matter of proof or as a portion of the new undertaking, constitutes as full and complete a cause of action as it is possible to imagine.

The right of the plaintiff below to raise the question presented to this court in the assignment of error is denied. There was no *demurrer, exception, or plea of the statute of limitations*. The party pleaded a denial of indebtedness. He had his election to rely upon an issue of fact or of law, or both. He chose the former, and he is bound by it. The party who commits the first error in pleading is bound by it. (7 Leigh R., 325; 9 Port. R., 206; 12 Ohio R., 120.)

The plaintiff in error is precluded from having an inquiry by this court into the error assigned; as much so as if the judgment was by confession. (Burton *v.* Varnell, 1 Tex. R., 635.)

The object in bringing the cause up being obviously for delay, an affirmance of the judgment is asked, with damages.

LIPSCOMB, J., being within the prohibited degrees of relationship to one of the parties, did not sit.

HEMPHILL, CH. J. The question presented for consideration is whether the acknowledgment of the plaintiff in error (who was defendant below) is suf- ficient to take the case out of the operation of the statute of limitations.

The acknowledgment is expressed in the following terms : "The within ob- "ligation and interest is just, due, and unpaid, after deducting the above credits "of $203.12½. Dec. 21st, 1844.

(Signed)                                        JOHN F. WEBBER."

## Webber v. Cochrane.

As the defendant in error contends for the sufficiency of the acknowledgment under the 12th section of the statute, I will recite it fully, viz : "That when an "action may appear to be barred by a law of limitations, no acknowledgment "of the justice of the claim made subsequent to the time it became due shall "be admitted in evidence to take the case out of the operation of the law, un-"less such acknowledgment be in writing and signed by the party to be charged "thereby."

[**35**] The plaintiff in error contends that the acknowledgment does not re-move the bar of the statute ; for although it admits the existence of the debt, yet the other ingredient, the expression of a willingness to pay, is wanting ; and cites Coles *v.* Kelsey, (2 Tex. R., 541,) in support of the position.

The rules laid down in that case as to the legal construction of acknowledg-ments and promises, and their sufficiency to take a case out of the statute, are substantially in accordance with those established by the later authorities, overruling earlier decisions in which the slightest circumstances were held to repel the bar of the statute and deprive parties of the benefit of its protection. Any statement which admitted that a debt had ever existed, though accompanied with a denial of the party's present liability, or his asseveration that he had made payment, or that the debt was barred by the statute, was regarded as sufficient acknowledgment to revive the obligation and take the debt out of the statute.

In fact, perfect silence as to the claim seemed the only refuge left to the de-fendant, as his expressions, of whatever character they might be, not denying the original existence of the debt, were tortured by legal presumptions into implied promises to pay the demand.

The language of Lord Erskine was scarcely too strong, viz : "That the diffi-"culties which encompassed defendants, under the efforts of judicial acuteness, "were such that the only safe course a defendant could take, when his adver-"sary sent a fishing witness, was to knock him down ; for though he might be "proceeded against for the assault, he retained the benefit of the statute as "regarded the debt." (Lord Brougham's Law Reform.)

The current of decisions has, however, for a considerable period, taken a contrary and more natural direction. Defenses under the statute are no longer treated as odious and discreditable, liable to be thwarted by "strained, con-"structive acknowledgments" or nice refinements of interpretation, designed to evade the provisions of the statute.

[**36**] The bar interposed by the statute, it is held now, can be repelled only by an express promise, which must be proved in a clear and explicit manner, and be, in its terms, unequivocal and determinate. And if there be no express promise, but one is to be raised by implication of law from the acknowledgment of the party, such acknowledgment should contain an unqualified and direct admission of a previous subsisting debt which the party is liable and willing to pay, or the acknowledgment must be coupled with such circumstances as irre-sistibly imply a promise to pay, and unaccompanied by any "expression de-"clarative or qualification indicative of a contrary intention." (1 Pet. R., 362 ; 2 Bailey R., 280 ; 1 Hard. R., 300.)

These rules of construction were generally recognized before the enactment in England, Texas, New York, and perhaps other States of a further security against the defeat of the statute by requiring authentic written evidence of the alleged promise or acknowledgment.

The English statute has been held, however, not to make any alteration in the legal construction to be put upon acknowledgments or promises made by defendants, but merely to require a different mode of proof, substituting the certain evidence of a writing signed by the party chargeable, instead of the insecure and precarious testimony of witnesses. (7 Bing. R., 166 ; Byles on Bills of Ex., 95.)

This, we apprehend, is the fair construction of the statute, and is as applica-ble to our own as to that of England. There is no substantial difference be-tween the phraseology of the provisions in the two laws. The latter uses the

terms "acknowledgment or promise;" in ours the words are "acknowledgment" "of the justice of the claim."

The rules of construction by which the sufficiency of an acknowledgment is to be determined are unaltered; the instrument of evidence alone is charged.

It is true that in our statute the term "justice of the claim" is superadded to the word acknowledgment, and it is supposed [**37**] that this may operate a change in the ingredients of the admission required to take the case out of the statute. This, we are of opinion, is an untenable position.

The "justice of the claim" is not a very definite expression; but it cannot, consistently with the whole scope, end, and object of the statute, have any other meaning than that the claim is just, in a legal sense, at the time of the acknowledgment, without reference to its inception or other period antecedent to the admission; or, in other words, the phrase "acknowledgement of the justice of the claim," as used in the statute, imports an admission at the time that the claim is a subsisting debt; and if unaccompanied by any circumstances repelling the presumption of the party's willingness or intention to pay, his liability and consequent promise are necessary legal inferences from the facts of the case.

The acknowledgment in this case is amply sufficient, under the rules of construction to which we have referred, or under any rules which would admit a promise raised by implication of law, to be sufficient to remove the bar of the statute.

The terms of the acknowledgment are clear and unequivocal; the amount ascertained and determined. There are no circumstances indicative of an unwillingness to pay, and we are of opinion that the acknowledgment was sufficient to maintain the action.

Judgment affirmed.

NOTE 7.—The acknowledgment of a debt, if accompanied with a promise *to pay conditionally* is of no avail unless the condition be complied with or the event happen upon which the promise depends. (Mitchell *v.* Clay, 8 T., 443; Salinas *v.* Wright, 11 T., 572; McDonald *v.* Grey, 29 T., 80; Rowlett *v.* Lane, 43 T., 274.) An agreement which contains neither an express promise to pay any sum whatever nor an acknowledgment upon which such promise can be raised by implication of law is not sufficient to take the case out of the operation of the statute. (Smith *v.* Fly, 24 T., 315.)

